UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ST. BERNARD HOUSING RECOVERY & DEVELOPMENT CORPORATION, INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.: 07-2231 (RWR)

**LOCAL RULE 40.5 NOTICE OF RELATED CASE IN ANOTHER JURISDICTION**

Pursuant to LCvR 40.5(b)(3), Defendants United States Department of Housing and Urban Development ("HUD"), Alphonso Jackson, and Orlando Cabrera, hereby notify the Court that this case is related to the case captioned as Yolanda Anderson v. Alphonso Jackson, Civil Action No. 06-3298 (E.D. La.) (Lemelle, J.).[1]  Plaintiffs in the Anderson case asserted the precise claim that is asserted here – that HUD's decision to approve HANO's application to demolish St. Bernard did not comport with the requirements of 42 U.S.C. § 1437p.  The Anderson plaintiffs also filed a temporary restraining order ("TRO") and motion for a preliminary injunction ("PI") seeking to enjoin the exact same thing as the Plaintiffs are seeking here – the demolition of St. Bernard.  The Eastern District of Louisiana ("EDLA") dismissed the Anderson plaintiffs' demolition claim, and denied their request for a TRO and PI.  See

---

[1] The Federal Defendants note that Plaintiffs failed to file a notification of related case at the time of filing their suit as required by Local Rule 40.5(b)(2), instead stating that there are "no" related cases.  See Plaintiffs' Civil Cover Sheet, attached to their Complaint.

November 15, 2007 Minute Entry in Anderson v. Jackson, attached hereto as Exhibit 1. The Anderson plaintiffs have appealed these decisions to the Fifth Circuit Court of Appeals, and also sought an administrative stay with the Fifth Circuit of the demolition, pending their appeal of the EDLA district court's decision to permit demolition of St. Bernard. On December 12, 2007, the Fifth Circuit denied Plaintiffs' request for an administrative stay. See 12/12/07 Minute Entry in Anderson v. Jackson, 07-31138 (5th Circuit) (denying plaintiffs' motion for an injunction pending appeal). In other words, the precise claim Plaintiffs assert in their case has been litigated to conclusion in Anderson, and is presently before the Fifth Circuit on Plaintiffs' appeal of the EDLA district court's decision, and the Fifth Circuit has already declined to enjoin the EDLA's denial of the Anderson plaintiffs' motion for a TRO/PI.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR, D.C. Bar # 498610
                    United States Attorney
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney
                    JOHN G. INTERRANTE
                    PA Bar # 61373
                    Assistant United States Attorney


                      /s/ Heather Phillips
                    MICHAEL SITCOV
                    HEATHER PHILLIPS
                    DANIEL RIESS
                    VARU CHILAKAMARRI
                    LESLEY FARBY
                    Attorneys
                    United States Department of Justice
                    Civil Division, Rm. 7220
                    20 Massachusetts Avenue, NW
                    Washington, D.C. 20530
                    Telephone: (202) 514-3481

                    Fax: (202) 616-0679
                    Email: heather.phillips@usdoj.gov
                    *Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served on Plaintiffs' counsel of record via the Court's ECF system this 12th day of December 2007.

                                                                                         /s/ Heather Phillips

**MINUTE ENTRY**  
**LEMELLE, J.**  
**November, 15, 2007**

JS10(00:45)

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF LOUISIANA

**YOLANDA ANDERSON,** *et al.*                           CIVIL ACTION

**VERSUS**                                               NO. 06-3298

**ALPHONSO JACKSON, SECRETARY OF THE**                   SEC. "B" (5)
**UNITED STATES DEPARTMENT OF HOUSING**
**AND URBAN DEVELOPMENT,** *et al.*

   On Thursday, November 15, 2007, this Court held a telephone status conference with all counsel representing Plaintiffs, HANO and HUD to discuss pending motions before this Court. Considering Plaintiffs' Motion to Reinstate Claim or In the Alternative for Leave to File Supplemental Pleading (Rec. Doc. No. 500); Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction (Rec. Doc. No. 502); HANO's Third Motion to Dismiss, or Alternatively, for Summary Judgment (Rec. Doc. No. 504); and Federal Defendants' Second Motion to Dismiss (Rec. Doc. No. 520);

   **IT IS ORDERED** that Plaintiff's Motion to Reinstate Claim is **DENIED** and the alternative Motion for Leave to File Supplemental Pleading is **GRANTED**. However, said supplemental claims are dismissed for the same reasons given in our prior rulings on this

related issue.  There is no absolute or unfettered private right of action regarding demolition.  Due process has been given by HANO and HUD.  A review of HUD's approval letter (Ex. A to Rec. Doc. No. 525), shows no material deficiencies that would otherwise warrant a finding of arbitrary or capricious conduct or a violation of equal protection.  As found during the September 17, 2007 hearing, this Court again finds that resident consultations by HANO afforded due process, albeit imperfect.  Plaintiffs' reliance on the time it took for the issuance of HUD's approval letter or the absence of proper agency consideration of opposing views are insufficient to overcome the strong presumption of regularity that attaches here, especially in view of the scope and detail provided in the approval decision letter/memorandum at issue.  Redevelopment of public housing was ongoing prior to the onslaught of Hurricane Katrina.  In post-Katrina New Orleans, legal and reasonable efforts, as imperfect and time-consuming they might be, should be allowed to revitalize public housing in this City.  Everyone should join in those efforts.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction is **DENIED**.  Based on our prior rulings and findings again, there is adequate remedy at law.  We view Plaintiffs' claims here as premised on alleged insufficient public housing units if demolition and reconstruction are allowed to proceed.  Further, Plaintiffs' contend Defendants have not met procedural requirements prior to approval of plans at

issue.  However, the record does not support those contentions. Even if HUD's conduct was procedurally flawed, Plaintiffs' post-deprivation remedies at law could adequately address Plaintiffs' concerns.  Further, HUD is directed to provide Plaintiffs' counsel within **10 days**, the underlying materials for the Secretary of HUD approval letter of HANO's demolition/reconstruction application, including other comments to said application.

**IT IS FURTHER ORDERED** that HANO's Third Motion to Dismiss, or Alternatively, for Summary Judgment is **DENIED.**  Additional discovery should be allowed prior to any summary consideration of matters raised here.

**IT IS FURTHER ORDERED** that Federal Defendants' Second Motion to Dismiss is **DENIED.**  The voucher program is premised on federal regulations promulgated by HUD.  Plaintiffs' contend those regulations cause disparate treatment or have disparate impact on the residents.  Therefore, Plaintiffs' claims against HUD survive this motion.

**IT IS FURTHER ORDERED** that all parties are allowed time to conduct additional discovery on the claims certified.  Parties must submit to this Court a plan for discovery by **November 28, 2007.**

**IT IS FURTHER ORDERED** that Plaintiffs' Ex Parte Motion to Expedite Hearing on Motion to Reinstate Claim or In the Alternative for Leave to File Supplemental Pleading (Rec. Doc. No. 501); Plaintiffs' Ex Parte Motion to Expedite Hearing on Motion for a

Temporary Restraining Order and a Preliminary Injunction (Rec. Doc. 503); and HANO's Request of Oral Argument on HANO's Third Motion to Dismiss, or Alternatively, for Summary Judgment (Rec. Doc. No. 505) are all **DISMISSED as MOOT** in light of the rulings on the related motions.

New Orleans, Louisiana, this 16th day of November, 2007.

*[signature]*

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE