IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ST. BERNARD HOUSING<br>RECOVERY & DEVELOPMENT<br>CORPORATION, <u>et al.</u>,<br><br>   Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING<br>& URBAN DEVELOPMENT, <u>et al.</u>,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:07-cv-02231 (RWR) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

  Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants United Department of Housing and Urban Development ("HUD"), HUD Secretary Alphonso Jackson, and HUD Assistant Secretary Orlando Cabrera (collectively, "Federal Defendants") hereby move this Court to dismiss Plaintiffs' Complaint. In the alternative, pursuant to 28 U.S.C. § 1404, the Federal Defendants move this Court to transfer the present action to the U.S. District Court for the Eastern District of Louisiana. A memorandum of supporting points of law and authority accompanies this motion.

Dated: December 13, 2007     Respectfully submitted,

                JEFFREY S. BUCHOLTZ
                Acting Assistant Attorney General

                JEFFREY A. TAYLOR, D.C. Bar # 498610
                United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney


   /s/ Daniel Riess
MICHAEL SITCOV
HEATHER PHILLIPS
DANIEL RIESS
VARU CHILAKAMARRI
LESLEY FARBY
Attorneys
United States Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: daniel.riess@usdoj.gov
*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. BERNARD HOUSING ) <br> RECOVERY & DEVELOPMENT ) <br> CORPORATION, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF HOUSING ) <br> & URBAN DEVELOPMENT, et al., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 1:07-cv-02231 (RWR) |

**MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

**I.  The Court Should Dismiss Plaintiffs' Complaint For Lack of Subject Matter Jurisdiction and Failure to State a Claim.**

The grounds and legal authority for the present motion to dismiss are set forth in Section II of the Federal Defendants' opposition brief to Plaintiffs' motion for a temporary restraining order and preliminary injunction (filed concurrently), and are incorporated herein by reference. For the reasons stated therein, the Court should dismiss Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.

**II.  If the Court Does Not Dismiss This Action, Under Well-Settled Principles Prohibiting Duplicative Litigation, It Should be Transferred to the United States District Court for the Eastern District of Louisiana Pursuant to 28 U.S.C. § 1404.**

As explained in the opposition brief to Plaintiffs' motion for a temporary restraining order, Plaintiffs have brought claims that are nearly identical to those brought by Plaintiffs in Anderson v. Jackson, a civil action in the Eastern District of Louisiana.  That case has been

pending before the Honorable Ivan Lemelle for the past year and a half, resulting in extensive discovery and numerous rulings, including rulings on dispositive motions. Plaintiffs' counsel's transparent exercise in forum shopping should be summarily rejected by this Court. Thus, if the Court does not dismiss this case, then pursuant to 28 U.S.C. § 1404(a) and under well-established principles prohibiting duplicative litigation, this action should be transferred to the District Court for the Eastern District of Louisiana. In that forum, this case can be consolidated with Anderson, thereby facilitating judicial economy by allowing the case to be assigned to a judge already well-versed in the complexities of this litigation.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the Supreme Court recognized in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), "[a]s between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." The Supreme Court has also counseled that in dealing with the "conduct of multiple litigation in the federal judicial system," courts should give "regard to conservation of judicial resources and comprehensive disposition of litigation." Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952). The Court recognized that "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts," in resolving such issues. Id. at 183-84. Certainly, "the pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue," Supco Automotive Parts v. Triangle Auto Spring Co., 538 F. Supp 1187, 1192 (E.D. Pa. 1982).

Significantly, claims and parties need not be identical for this principle of avoiding

duplicative litigation to apply. "District courts are accorded 'a great deal of latitude and discretion determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" Serlin v. Arthur Andersen, 3 F.3d 221, 223 (7th Cir. 1993). In a closely analogous context (construing the statute that prohibits parties from pursuing duplicative claims against the United States), the Supreme Court has held that in analyzing whether a claim is duplicative, the particular legal theory on which the plaintiffs seeks to proceed in each action is not dispositive. Keene Corp. v. United States, 508 U.S. 200, 212 (1993).

The application of these principles to this action and the Anderson litigation demonstrates that any minor differences in the two actions are immaterial. Additionally, the obvious interests in efficient utilization of judicial resources counsel in favor of transfer. Furthermore, Plaintiffs are requesting that this Court enter declaratory and injunctive relief that would be inconsistent with the district court's final decision in Anderson, and that would directly conflict with the decisions of the Fifth Circuit in Anderson to deny Plaintiffs' motion for a stay of the demolition of the St. Bernard housing development. Moreover, Plaintiffs, all of whom reside in New Orleans, cannot claim that such a transfer would inconvenience them in any manner. Therefore, if this Court does not dismiss the present action, the basic principle against duplicative litigation compels the conclusion that this action should be transferred to the Eastern District of Louisiana.

## CONCLUSION

For the foregoing reasons, the Federal Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice. In the alternative, the Federal Defendants respectfully request that this Court transfer the present action to the U.S. District Court for the

Eastern District of Louisiana.

Dated: December 13, 2007          Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney


    /s/ Daniel Riess
MICHAEL SITCOV
HEATHER PHILLIPS
DANIEL RIESS
VARU CHILAKAMARRI
LESLEY FARBY
Attorneys
United States Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: daniel.riess@usdoj.gov
*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ST. BERNARD HOUSING ) <br> RECOVERY & DEVELOPMENT ) <br> CORPORATION, et al., ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF HOUSING ) <br> & URBAN DEVELOPMENT, et al., ) <br> ) <br>       Defendants. ) <br> ) | Civil Action No. 1:07-cv-02231 (RWR) |

**PROPOSED ORDER**

Upon consideration of the Federal Defendants' Motion to Dismiss, or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404, any opposition and reply briefs thereto, and the applicable law, it is hereby ORDERED that the motion be, and hereby is, GRANTED. It is further

ORDERED that Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

[alternatively: ORDERED that the present action is hereby transferred to the United States District Court for the Eastern District of Louisiana.]

Date: _____        _____
                                    Richard W. Roberts
                                    United States District Judge